# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2608

_____

| | | |
|---|---|---|
| Joseph Tyma, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| The City of Grand Island, in the | * | |
| State of Nebraska, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 11, 2004

Filed: March 18, 2004

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Joseph Tyma suffered a brain aneurysm that resulted in severe short-term memory loss. At the time of his injury, Tyma was a senior equipment operator for the City of Grand Island's streets division. Senior equipment operators operate heavy machinery and function independently without supervision or guidance. Six months after Tyma's injury, Tyma returned to work under an on-the-job evaluation program with on-site observation and peer/supervisor consultation with a job coach. For the next four months, Tyma worked in the sign and signal subdivision to determine his capabilities. According to the undisputed facts, Tyma required constant direction

from another person to function productively. After Tyma was cleared to drive, the City placed him in the surface maintenance subdivision operating heavy equipment. Tyma experienced several memory-related problems on the job, such as repeatedly forgetting how to fuel the road grader, forgetting which grader he was supposed to use, being unable to locate the gravel roads he was assigned to maintain even though he had maintained the same roads before his illness, was provided maps of the assigned areas, and was personally taken to the assigned areas several times, and either failed to do any maintenance or graded unassigned areas. The City then assigned Tyma to work temporarily on the asphalt patch crew. Because of memory problems, Tyma was unable to perform the duties of that job as well. After an administrative process, the City terminated Tyma's employment.

Tyma later brought this action asserting his termination violated the Americans with Disabilities Act (ADA). The City filed a motion for summary judgment. In response, Tyma filed three affidavits. The City sought to strike most of the affidavits' contents because of insufficient foundation and lack of personal knowledge, and because the affidavits contained hearsay and presented evidence on issues outside the pleadings. After granting summary judgment to the City, the district court[*] stated, "Inasmuch as I did not rely on the portions of evidence to which the City objects, I shall deny the motion as moot." Tyma appeals, and we affirm.

To obtain relief under the ADA, Tyma must show, among other things, that he is a qualified individual under the ADA. Alexander v. Northland Inn, 321 F.3d 723, 726 (8th Cir. 2003). To survive summary judgment on this point, Tyma must make a prima facie showing he could perform the essential functions of his job with or without reasonable accommodation. Id. at 726-27. The district court concluded Tyma failed to do so. The district court held as a matter of law that given the

---

[*]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

undisputed evidence, Tyma could not perform the essential functions of a senior equipment operator, with or without reasonable accommodation, and thus was not a "qualified individual" for purposes of the ADA.

Tyma contends that in reaching this conclusion, the district court ignored the evidence he submitted in response to the City's summary judgment motion. We disagree. The court simply decided the evidence was insufficient to create a genuine issue of material fact. Nothing in the evidence Tyma offered contradicts the undisputed material facts found by the district court or shows Tyma could perform the essential functions of his job as a senior equipment operator, with or without reasonable accommodation. Tyma stated in his affidavit that he felt he could have performed the senior equipment operator job with additional accommodation. The district court specifically acknowledged this statement, but noted Tyma offered no evidence to support it, stating, "Tyma's bare assertion that additional accommodations would have enabled him to perform the essential functions of his job is 'sheer speculation' that is insufficient to create a material issue of fact." Basith v. Cook County, 241 F.3d 919, 930-31 (7th Cir. 2001). Likewise, the other affidavits presented did not create a genuine issue of material fact on the critical issues in question.

Tyma also argues there is a genuine issue of material fact about whether he could perform the essential functions of his job because he received a favorable job evaluation, the City restructured his job for a year and a half, and he continued to work until his termination. The evaluation's overall rating was qualified by explanations that Tyma was trying hard, but through no fault of his own, could not perform his job duties. The affidavit of Tyma's supervisor shows he simply gave Tyma an "A" for effort. As for the job restructuring, the City had no obligation to reassign workers to help Tyma perform his job. Alexander, 321 F.3d at 727-28. The City's act of allowing Tyma to continue working until his termination does not show he could perform the essential functions of his job. Indeed, the undisputed evidence

indicates otherwise. Tyma's own belief he could perform the job with further accommodations is simply speculative. Basith, 241 F.3d at 930-31.

Last, Tyma contends summary judgment was inappropriate because the district court did not consider whether the City failed to participate in the interactive process before terminating his employment. This issue was not raised by the pleadings or appropriate in light of the evidence, however. There is no evidence showing Tyma asked for any accommodation that was not provided, or there was an available reasonable accommodation that would not have placed an undue hardship on the City. See Ballard v. Rubin, 284 F.3d 957, 960 (8th Cir. 2002).

Having carefully considered all of Tyma's arguments, we conclude the district court properly granted summary judgment to the City. We thus affirm the district court.

_____